IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY D. PRICE,                                              No. CIV S-07-2666-MCE-CMK

    Plaintiff,

  vs.                                                              <u>ORDER</u>

CITY OF CORNING, et al.,

    Defendants.

_____/

        Plaintiff, proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1981. Plaintiff originally filed this action in the United States District Court, District of Oregon. On or about December 6, 2007, the District of Oregon transferred the case to this court. Defendants filed an answer on February 8, 2008, and the parties filed a joint status report on March 21, 2008. Originally referred to Magistrate Judge Hollows, a pretrial scheduling order was issued on April 4, 2008. The scheduling order set the schedule for this civil action, including that discovery is to be completed by October 10, 2008, motions to compel are to be heard by September 18, 2008, dispositive motions are to be completed by November 13, 2008, a joint pretrial statement is to be filed by January 12, 2009, and a jury trial is set for February 23, 2009. This matter was reassigned to the undersigned on June 24, 2008.

        Pending before the court is defendants' request for a status conference (Doc. 16). In that request, defendants state that limited discovery has been undertaken, but plaintiff has not made his required disclosures. Defendants also indicate that there are some defects in plaintiff's

1

1 complaint, including a failure to conform to Rule 8 of the Federal Rules of Civil Procedure's
2 requirement that a complaint contain a short and plain statement of the claim.  In addition,
3 defendant claims that the complaint is confusing, rambling, may impose an unfair burden on
4 them in trying to understand what plaintiff's claims are.

5        Pursuant to 28 U.S.C. § 1915A, the court is required to screen complaints filed by
6 plaintiffs proceeding in forma pauperis.  Here, plaintiff paid the filing fees when he filed his
7 complaint, and is not proceeding in forma pauperis.  Accordingly, the court did not screen the
8 complaint.  Any defect in a complaint can generally be addressed by the defendant bringing a
9 motion to dismiss pursuant to Rule 12(b) or a motion for a more definite statement pursuant to
10 Rule 12(e). Here, rather than filing a Rule 12 motion, defendants filed an answer to the
11 complaint.  A status conference, which is not conducted under oath, is not the appropriate means
12 in which to clarify and/or narrow claims, as the defendants request.  Defendants may seek to
13 clarify and/or narrow plaintiff's claims through the discovery process (e.g., interrogatories and/or
14 plaintiff's deposition).

15        If defendants need additional time to conduct further discovery in an attempt to
16 clarify and/or narrow the issues, the court will entertain a motion to modify the scheduling order
17 on good cause shown.  However, the court does not find it would be beneficial to hold a status
18 conference at this time.

19        Accordingly, IT IS HEREBY ORDERED that defendant's request for a status
20 conference is denied without prejudice.

DATED:  September 8, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

2